UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KATRINA SHANK, Administratrix of the
Estate of ROBERT EARL SHANK, III, and
Individually,

       Plaintiff,

    v.

UNITED STATES OF AMERICA,

       Defendant.

No. 08-cv-214-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of the defendant United States of America to dismiss plaintiff Katrina Shank's ("Shank") Complaint (Doc. 13). Shank has responded to the motion and, alternatively, asks for leave to amend her complaint (Doc. 15).

On March 21, 2008, Shank filed her Complaint (Doc. 4) alleging a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-80. She alleges the decedent, Robert Earl Shank III ("Robert"), died as a result of the negligence of Dr. Jose Veizaga-Mendez ("Veizaga-Mendez"), a doctor on the staff of the Veterans Administration (VA) Medical Center in Marion, Illinois and other VA Medical Center personnel. Shank further claims VA personnel were negligent in hiring and retaining Dr. Veizaga-Mendez at the Marion VA Medical Center. Shank's complaint did not have attached any affidavit or medical report in support of the Complaint.

In its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States asks the Court to dismiss the Complaint because it fails to attach an affidavit and medical report as required by 735 ILCS 5/2-622. That statute requires that a plaintiff filing a medical malpractice case must file with her complaint an affidavit from her attorney and a medical report from a health professional:

> In any action . . . in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney . . . shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:
>
>> 1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 5 years or teaches or has taught within the last 5 years in the same area of health care or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. A single written report must be filed to cover each defendant in the action. As to defendants who are individuals, the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant. For written reports filed as to all other defendants, who are not individuals, the written report must be from a physician licensed to practice medicine in all its branches who is qualified by experience with the standard of care, methods, procedures and treatments relevant to the allegations at issue in the case. In either event, the written report must identify the profession of the reviewing health professional. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, including the reviewing health care professional's name, address, current license number, and state of licensure, must be attached to the affidavit. . . .

735 ILCS 5/2-622(a). "Section 2-622 of the Code is designed to (1) reduce the number of frivolous medical malpractice lawsuits, and (2) eliminate such actions at an early stage, before litigation expenses mount." *Gulley v. Noy*, 737 N.E.2d 1115, 1117 (Ill. App. Ct. 2000); *see Ebbing v. Prentice*, 587 N.E.2d 1115, 1117 (Ill. App. Ct. 1992).

Shank argues that § 2-622 is a state procedural requirement that does not apply in this FTCA action brought in federal court. Shanks admits that courts have held § 2-622 is a substantive requirement in diversity cases in federal court but points out that the United States has cited no cases

2

in which it has been applied in an FTCA action.

The requirements of § 2-622 are substantive elements of a medical malpractice case under Illinois law in both diversity cases and FTCA cases. The distinction Shank attempts to draw between cases in federal court on diversity jurisdiction and those on FTCA jurisdiction is not valid. Shank does not dispute that § 2-622 is substantive law for the purposes of applying state substantive law in diversity cases pursuant to *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). She argues, however, that the *Erie* doctrine does not apply in FTCA cases. This is technically true because *Erie* is limited to diversity cases. However, in FTCA cases, the same substantive law of the state where the tort allegedly occurred applies by virtue of a different authority: 28 U.S.C. § 1346(b). *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (stating "§ 1346(b)'s reference to the 'law of the place' means law of the State – the source of substantive liability under the FTCA").

The Court agrees with Judge Reagan's analysis in *Salsman v. United States*, No. 03-cv-140-MJR, 2005 WL 2001320 (S.D. Ill. Aug. 19, 2005), which concluded that § 2-622's requirements are substantive under the standards set forth in *Murrey v. United States*, 73 F.3d 1448 (7th Cir. 1996), and are therefore applicable as substantive Illinois law in FTCA cases. *Murrey* held that in an FTCA case, when "a rule [is] limited to a particular area of law and motivated by concerns about the potential impact on primary behavior (here, medical treatment) of making it too easy for plaintiffs to win a particular type of case," then the rule is "almost certainly" substantive law. *Murrey*, 73 F.3d at 1456. *Murrey*, in turn, cited *S.A. Healy Co. v. Milwaukee Metropolitan Sewerage District*, 60 F.3d 305 (7th Cir. 1995), which noted that state procedural rules that are "designed to shape conduct outside the courtroom and not just improve the accuracy or lower the cost of the judicial process" are to be viewed as substantive rules. *Id.* at 310. As *Salsman* notes, § 2-622's filing requirement is "limited solely to medical malpractice matters and is intended to minimize frivolous malpractice

3

suits by requiring a showing that 'there is a meritorious cause for the filing of such action.'" *Salsman*, 2005 WL 2001320, at *5 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)). Limiting the number of nonmeritorious medical malpractice lawsuits was certainly intended to "shape conduct outside the courtroom" by indirectly increasing the availability of health services to the citizens of Illinois, *see* P.A. 94-677 § 101(5) (2005), not just to impact the accuracy and costs to the judicial process. Therefore, § 2-622's requirements are substantive and apply in an FTCA case.

Shank argues *Murrey* is inapplicable to this case because § 2-622's requirements do not impact a plaintiff's ability *to win* a case but only her ability *to file and pursue* a case. Shank's argument is based on a misreading of the test as articulated in *Murrey* and *S.A. Healy Co*. That test does not look at a state rule's impact *on a plaintiff* but on the state rule's impact on *behavior outside the courtroom*, here, ultimately the availability of health services to the citizens of Illinois. That § 2-622 was motivated by such a concern renders it substantive and therefore applicable in this case.

For these reasons, the Court finds that § 2-622's filing requirement is an Illinois substantive law and that Shank's Complaint must be dismissed for failure to comply with it.[1]

That does not end the matter, however, because despite the hurdles presented by § 2-622, a plaintiff should be afforded every reasonable opportunity to establish her case. *Ebbing v. Prentice*, 587 N.E.2d 1115, 1117 (Ill. App. Ct. 1992) (citing *Hansbrough v. Kosyak*, 490 N.E.2d 181, 188 (Ill. App. Ct. 1986)). Accordingly, Illinois trial courts have the discretion to permit amendments to the

---

[1]The Court is aware that an Illinois Circuit Court in Cook County has declared Public Act 94-677 unconstitutional in its entirety. *See Lebron v. Gottlieb Mem. Hosp.*, No. 2006 L 12109, 2007 WL 3390918 (Ill. Cir. Ct. Nov. 13, 2007). That case is currently on appeal before the Illinois Supreme Court. While Illinois Supreme Court cases are binding on this Court and Illinois Appellate Court cases are persuasive to this Court, *see Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002), this Court does not give substantial weight to Illinois Circuit Court cases and is therefore not persuaded by *Lebron* that § 2-622 is unconstitutional.

4

pleadings to bring a complaint into compliance with § 2-622 and are encouraged to do so liberally so that cases can be decided on the merits. *Id.* Similarly, federal courts should freely grant leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2).

The Court finds that justice requires that Shank be allowed to file an amended complaint to bring her pleading into compliance with § 2-622(a). The United States does not contend that Shank's claim is frivolous. Therefore, allowing an amended complaint with a sufficient affidavit and medical report would not frustrate the purpose of § 2-622(a) – to deter frivolous suits. Furthermore, there is no indication that Shank behaved in bad faith or with an intent to frustrate justice at any point in this case. In addition, the United States will suffer no prejudice from allowing Shank to amend her complaint. This case is in its early stages, and allowing an amended pleading now would not cause any undue delay. The Court believes that Shank's case should be decided on the merits and that it is reasonable to give her another opportunity to establish her case. Such a decision would well serve the interests of justice.

Accordingly, the Court hereby **GRANTS** the motion of the United States to dismiss Shank's Complaint (Doc. 13), **DISMISSES** Shank's Complaint **without prejudice** and **ORDERS** that Shank shall have up to and including November 7, 2008, to file an amended complaint with the appropriate documents attached.

**IT IS SO ORDERED.**
**DATED:  October 21, 2008**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **CHIEF JUDGE**